**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000872
28-DEC-2015
09:12 AM**

NO. CAAP-12-0000872

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DARIN J. VANDORN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTA-12-01530)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Darin J. Vandorn (**Vandorn**) appeals from the Judgment and Notice of Entry of Judgment, entered on September 27, 2012 in the District Court of the Third Circuit[1] (**district court**). Vandorn was convicted of operating a vehicle under the influence of an intoxicant, in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a) (Supp. 2014).

Vandorn contends (1) the district court relied on insufficient evidence to conclude the driving under the influence (**DUI**) roadblock operated by the Hawai'i County Police Department (**HCPD**) on April 15, 2012 was lawful, and (2) the United States Supreme Court and HRS § 291E-20(a)(3)(D) (2007 Repl.) created a constitutional requirement that Plaintiff-Appellee State of Hawai'i present some admissible evidence of the police supervisor's purpose in conducting a DUI roadblock.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as

---

[1] The Honorable Joseph P. Florendo presided.

well as the relevant statutory and case law, we conclude Vandorn's appeal is without merit.

(1) There was sufficient evidence to prove the DUI checkpoint was in compliance with HRS § 291E-20(a)(3)(D). HRS § 291E-20(a)(3)(D) provides that, "adequate advance warning of the fact and purpose of the roadblocks, either by sign posts, flares, or other alternative methods" should be used as one of the minimum safety precautions at every intoxicant control roadblock. Additionally, HRS § 291E-19 (2007 Repl.) states, "failure to comply scrupulously" with any internal police procedures "shall not invalidate a roadblock that otherwise meets the minimum statutory criteria provided in section 291E-20."

HCPD Officer Jason Foxworthy (**Officer Foxworthy**) testified that he set up a sign with a flare so it was visible to all motorists approaching the checkpoint satisfying the "advance warning" element of HRS § 291E-20(a)(3)(D). See In Re Doe, 95 Hawai'i 183, 196, 20 P.3d 616, 629 (2001) (to provide substantial evidence "the testimony of a single witness, if found by the trier of fact to have been credible, will suffice.").

The district court relied on sufficient evidence in finding:

> the roadblock procedures as proven in the testimony of Officer Foxworthy did comply with the requirements of 291E-20, that is, that there was proper illumination; that there was an off-road safe and secure holding area for vehicles involved in the roadblock stop; there were uniformed law enforcement officers carrying proper identification; there was adequate advance -- adequate advance warning of the fact and purpose of the roadblock by either sign posts, flares, or other alternative methods; the roadblock was terminated, and it was at the discretion of law enforcement officers in charge; that as required in section 291E-20(a)(1), all vehicles were stopped at the roadblock.

(2) There was adequate notice of the purpose of the DUI checkpoint, and the checkpoint was constitutional. The United States Supreme Court held that DUI checkpoints do not violate the Fourth Amendment's prohibition against unreasonable searches and seizure as long as sobriety checkpoint guidelines are met as they were in this case. Michigan Dep't of State Police v. Sitz, 496 U.S. 444, 455 (1990).

In support of his contention that no "purpose" for the roadblock has been shown, Vandorn cites to City of Indianapolis

2

v. Edmond, 531 U.S. 32 (2000). Vandorn contends the Edmond decision requires a police supervisor to state the purpose of a DUI roadblock. We disagree. Edmond stated the Supreme Court has upheld seizures at sobriety checkpoints with the purpose of removing drunk drivers off the roads. Edmond, 531 U.S. at 37. Edmond, however, involved highway checkpoints whose primary purpose was the discovery and interdiction of illegal narcotics. Id. at 34. Unlike DUI roadblocks, the Supreme Court held that the purpose of the checkpoints in Edmond was to advance "the general interest in crime control" and thus declined to "suspend the usual requirement of individualized suspicion" in such circumstances. Id. at 44. Edmond is therefore inapposite. Officer Foxworthy testified that the roadblock was set up in order to try to "curb drinking and driving," and that the roadblock was conducted accordingly, pursuant to sobriety check guidelines.

Therefore,

IT IS HEREBY ORDERED that Judgment and Notice of Entry of Judgment, filed September 27, 2012 in the District Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, December 28, 2015.

On the briefs:

Christopher P. Schlueter
for Defendant-Appellant.

Linda L. Walton
Deputy Prosecuting Attorney
County of Hawaiʻi
for Plaintiff-Appellee.

Prediding Judge

Associate Judge

Associate Judge

3